IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLYDE ALLEN, *et al.*, <br><br>  Plaintiffs, <br><br> vs. <br><br> SCHNUCK MARKETS, INC., <br><br>  Defendant. | Case No. 3:15-cv-00061-MJR-DGW <br><br> Removed from St. Clair County, Illinois <br> No. 14-L-785 |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Schnuck Markets, Inc. ("Schnucks"), through counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby removes this action from the Circuit Court for the Twentieth Judicial District, St. Clair County, to the United States District Court for the Southern District of Illinois. The grounds for removal are as follows:

**I.  BACKGROUND**

1. On December 9, 2014, Clyde Allen and 205 other plaintiffs ("Plaintiffs") filed a civil mass action complaint against Schnucks in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, styled *Allen et al. v. Schnuck Markets, Inc.*, Case No. 2014-L-785. The Complaint is attached to this Notice as part of Exhibit A.

2. Plaintiffs allege that they have complied with all requirements necessary to exclude themselves from the class action settlement in the related case *McGann, et al. v. Schnuck Markets, Inc.*, Circuit Court of the City of St. Louis, Missouri, Case no. 1322-CC00800. (Exhibit A, Compl. ¶8.) That class action settlement was finally approved on January 15, 2015. *See* Order and Judgment, attached hereto as Exhibit B.

3. Plaintiffs allege that criminals hacked into Schnucks' electronic payment systems that transmit customer information (including credit and debit card information), thereby causing a data breach of these systems between December 9, 2012, and March 30, 2013. (Ex. A, Compl. ¶¶228-31.) This alleged data breach, according to Plaintiffs, has caused "substantial and ascertainable injuries" including, but not limited to:

> financial losses caused by fraudulent charges to their compromised debit and credit cards; credit and debit card issuing bank charges and fees; embarrassment and reputational damage resulting from declined plastic card transactions; damage to their personal credit; opportunity cost and other damages resulting from their inability to access funds due to cancelled or declined plastic cards; money and the value of time lost mitigating their increased risk of identity theft and fraud; replacing compromised cards, and reconfiguring automatic payment programs associated with replaced cards; invasion of privacy; diminished value of their PII/CFD; increased risk of suffering such damages for the foreseeable future; and the mental and emotional anguish associated with all of the foregoing.

(*Id.* ¶233.)

4. Plaintiffs further allege that Schnucks' conduct invaded a "substantial property right in [Plaintiffs'] personal data," and that the conduct was intentional, reckless, or negligent. (Ex. A, Compl. ¶¶220, 228.)

5. Based on the foregoing allegations, Plaintiffs assert common law claims for negligence (Count I), negligence per se (Count II), and breach of implied contract (Count III), as well as statutory claims under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* (Count IV), and "substantially similar statutes" in Illinois, Indiana, Iowa, and and/or Wisconsin, as well as under the Illinois Personal Information Protection Act, 815 Ill. Comp. Stat. § 530/1 *et seq.* (Count V), and "substantially similar statutes" in Missouri, Indiana, Iowa, and and/or Wisconsin.

6. Each Plaintiff demands a judgment against Schnucks "in excess of $50,000" for each of their four claims against Schnucks. (Ex. A., Compl. ¶¶243, 247, 255, 261, 271; *see* Ex. A., Affidavit at p. 1 ("money damages sought by *the plaintiff* herein does exceed $50,000") (emphasis added). Plaintiffs also request their costs, attorney's fees, and for any other relief the Court deems just and proper. (*Id.*)

## II.  GROUNDS FOR REMOVAL

7. This case is removable pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

### A.  Removal is Timely

8. Plaintiffs' Complaint was served on December 22, 2014. *See* Summons, attached hereto as part of Exhibit A. Accordingly, Schnucks' Notice of Removal is timely filed on or before January 21, 2014. 28 U.S.C. § 1446(b).

### B.  This Court has Original Jurisdiction

9. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a mass action where 100 or more claimants propose jointly trying their claims for monetary relief; (iii) the action presents common legal and factual questions; (iv) the aggregate amount in controversy exceeds $5 million; and (v) every plaintiff satisfies the general diversity statute's $75,000 amount-in-controversy requirement. 28 U.S.C. § 1332(d).

#### 1.  *Diversity of Citizenship Exists.*

10. Plaintiffs allege that they are citizens of California, Florida, Georgia, Illinois, Indiana, Iowa, Kentucky, Missouri, Oklahoma, and Wisconsin. (Ex. A, Compl. ¶¶9-215.)

11. Schnucks is a citizen of Missouri because it is a Missouri corporation with its principal place of business in Missouri. (*Id.* ¶215.); *see* 28 U.S.C. § 1332(c).

3

12. Because Plaintiffs and Schnucks are citizens of different states, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2).

### 2. *The CAFA Amount in Controversy Threshold is Satisfied.*

13. Removal is also appropriate because Plaintiffs' Complaint in the aggregate places more than $5 million at issue in this case, and Plaintiffs' claims individually place more than $75,000 at issue in this case. *See* 28 U.S.C. § 1332(d)(2), § 1332(d)(11)(B)(i); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.") (citation omitted).

14. Plaintiffs allege they are entitled to "a sum in excess of $50,000," for each of their four claims for relief, as well as "their costs . . . attorneys' fees . . . and further relief as this Court deems just and proper."[1] (Ex. A., Compl. ¶¶243, 247, 255, 261, 271, Affidavit at p. 1.)

15. Multiplying the minimum requested damages of $50,000 by just two of Plaintiffs' four claims, means that each Plaintiff has placed an amount in controversy in excess of $100,000.

16. Even if Plaintiffs meant the "sum in excess of $50,000" to reflect the prayer for relief for all of their claims combined, a recovery of more than $75,000 for each Plaintiff is still legally possible, considering the potential for compensatory damages, emotional distress damages, punitive damages, and attorneys' fees being sought in the Complaint.

---

[1] In filing this Notice of Removal, Schnucks does not concede liability on any of the claims asserted in Plaintiffs' Complaint, or that they are entitled to recover any damages. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("[S]uits are removed on the pleadings, long before 'evidence' or 'proof' have been adduced. The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance the plaintiff will fail and the judgment will be zero) does not prevent removal.").

17. Plaintiffs all opted out of the *McGann* settlement, which provided for a right to claim compensation of up to $10,200 per claimant for financial losses arising out of the alleged data breach without having to prove that Schnucks was at fault. The fact that Plaintiffs decided to forego that relief and instead file a contested lawsuit to recover their damages in this case supports the conclusion that they seek significantly more in damages in this case.

18. None of the Plaintiffs have specified the particular compensatory losses that he or she claims to have suffered, nor have any of the Plaintiffs quantified the amount of their losses beyond a general statement that they are seeking amounts in excess of $50,000. (Ex. A., Compl. ¶¶243, 247, 255, 261, 271.) However, in *McGann et al. v. Schnuck Markets, Inc.*, Case No. 1322-CC00800 (Circuit Court for City of St. Louis, Mo.) (from which Plaintiffs opted out), settlement class members made claims ranging from a low of $5.00 to a high of $160,000. Claims were made for a variety of alleged injuries, including unreimbursed credit card fraud, unreimbursed bank fees, costs of credit monitoring and identity theft insurance, and a variety of miscellaneous expenses claimed to be a result of the alleged data breach. Plaintiff Castellano previously alleged at least $20.00 in compensatory damages for non-refundable bank fees and damages for his time and effort to "cancel his debit card and … procure a replacement debit card," and Plaintiff Ohren previously alleged at least $300.00 in compensatory damages for unreimbursed and "unauthorized charges on her card that resulted from the breach of Schnucks computer security." *See* Class Action Complaint, *Castellano et al. v. Schnuck Markets, Inc.*, Case No. 4:13-cv-01201, at ¶¶ 10, 11, attached hereto as Exhibit C. Thus, while Schnucks believes that an award of significant compensatory damages is unlikely, it is not legally impossible for compensatory damages exceeding $75,000 to be awarded for each Plaintiff.

19. Plaintiffs also seek additional damages attributable to alleged "mental and emotional anguish." Damages for emotional distress ranging from $20,000-$100,000 have been awarded by state and federal courts. *See, e.g.*, *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1275 (7th Cir. 1983) (applying Illinois law, upholding two awards of $25,000, and one award of $60,000 for privacy intrusion); *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 815 (N.D. Ill. 2001) (applying Illinois law, noting emotional damages are common place for privacy violations, including for improper disclosures of private economic information); *Cruthis v. Firstar Bank, N.A.*, 822 N.E.2d 454, 461 & 466-67 (Ill. App. 2004) (affirming $20,000 award for emotional distress where plaintiffs did not even allege emotional distress in their complaint); *see also Time, Inc. v. Firestone*, 424 U.S. 448, 461 (1976) (upholding an award of $100,000 for mental anguish associated with reputational damage). While Schnucks does not believe that any Plaintiff will be able to prove the elements necessarily to satisfy a claim for emotional distress damages, an award of emotional distress damages exceeding $75,000 for each Plaintiff is not legally impossible.

20. Although not expressly pled, the amount in controversy also includes Plaintiffs' potential claims for punitive damages available under their statutory and fraud claims, as well as their allegations related to Schnucks' alleged intentional and/or reckless conduct. *See, e.g.*, *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 902 (S.D. Ill. 2010) (punitive damages available under Illinois Consumer Fraud and Deceptive Business Practices Act); *Black v. Iovino*, 580 N.E.2d 139, 149 (Ill. App. 1991) (punitive damages may properly be awarded in an action for fraud, misrepresentation, and/or for reckless or wanton conduct); *see also Back Doctors Ltd.*, 637 F.3d at 830-31 (district court erred in not considering potential punitive

6

damages award when assessing amount in controversy where punitive damages were available under the same statute, even though complaint did not specifically pray for them).

21. Even if Plaintiffs were only seeking nominal damages or small amounts of compensatory damages at trial, they have still placed more than $75,000 per Plaintiff in controversy by asserting claims that permit a recovery of punitive damages. *Back Doctors Ltd.*, 637 F.3d at 830-31 (punitive damages that are legally possible may easily double the award of actual damages); *see also Walsh Chiropractic, Ltd.*, 752 F. Supp. 2d at 902 (finding that treble damages were legally possible, and approving removal where actual damages of $4,838.43 times 417 class members, times 3 met the jurisdictional threshold); *Keehr*, 825 F.2d at 141 (upholding punitive damages for $50,000 where only $1.00 in nominal damages was assessed). For example, Illinois courts have imposed punitive damages where no actual damages were proven. *Kirkpatrick v. Strosberg*, 894 N.E.2d 781, 797 (Ill. App. 2008) (awarding $300,000 in punitive damages to individual plaintiff where no actual damages were alleged); *Keehr*, 825 F.2d at 141 (upholding $50,000 in punitive damages where only $1.00 in nominal damages was awarded); *Int'l Union of Operating Eng'rs, Local 150 v. Lowe Excavating Co.*, 870 N.E.2d 303, 324 (Ill. 2006) (interpreting United States Supreme Court precedent and approving a punitive damage award with a ratio of punitive to compensatory damages of approximately 11 to 1).

22. Although not necessary to meet CAFA's amount in controversy in this case, Plaintiffs have also pled that they are entitled to attorneys' fees. (Ex. A., Compl. ¶¶243, 247, 255, 261, 271.)

23. Attorneys' fees incurred to date are likely substantial because two of the Plaintiffs, Michael Castellano (Ex. A., Compl. ¶ 43) and Anita Ohren (Ex. A., Compl. ¶ 153), have been pursuing these claims in their separate lawsuit originally filed on June 25, 2013 in the

Eastern District of Missouri. *See* Class Action Complaint, *Castellano et al. v. Schnuck Markets, Inc.*, Case No. 4:13-cv-01201, attached hereto as Exhibit C.  If counsel charged $500.00 per hour, spent 190 hours (10 hours per month) litigating the case, and spent 100 hours investigating the factual background for that case, counsel may have already incurred $145,000 in fees for just two of the current Plaintiffs.

24. And even a conservative estimate of counsel's investigation and preparation for this Complaint with 206 plaintiffs (i.e. 824 hours (4 hours for each plaintiff to investigate their individual circumstances), plus an additional 200 hours of general investigation into the alleged data breach) at $500.00 per hour equates to an additional $512,000 in attorneys' fees to add to the total amount in controversy to date.

25. Prospective fees, if included, would also further increase Plaintiffs' amount in controversy in this case.  For example, a one-third attorneys' fees multiplier on Plaintiffs' $50,000 damage allegation alone puts the amount in controversy for any given Plaintiff at $75,000, before punitive damages are considered.

26. Where each Plaintiff's amount in controversy exceeds $75,000, a mass action involving 206 plaintiffs necessarily equates to more than $5 million at issue in the aggregate.

27. For these reasons, the $75,000 per individual and $5 million aggregated amount-in-controversy requirements of 28 U.S.C. § 1332(d)(2) and (d)(11)(B)(i) are satisfied.

    3. *The Mass Action Exceeds 100 Plaintiffs and Allegedly Involves Common Questions of Law and Fact.*

28. Plaintiffs affirmatively allege that 206 individual Plaintiffs are involved in the instant action. (Ex. A., Compl. ¶¶9-215.)  Plaintiffs also affirmatively allege that their "claims involve common questions of law and fact … ." (Ex. A., Compl. ¶¶ 6, 7.) Accordingly, the

8

number of proposed class members and alleged commonality of their claims satisfy the jurisdictional requirements of 28 U.S.C. § 1332(d)(11)(B)(i).

29. For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case is removable pursuant to 28 U.S.C. § 1441(b)(1). Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was pending in state court. 28 U.S.C. § 1446(a).

## III.   STATE COURT PLEADINGS AND NOTICE

30. Pursuant to 28 U.S.C. § 1446(a), copies of the current State Case docket, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon Schnucks in the State Case are attached hereto as Exhibit A.

31. Pursuant to 28 U.S.C. § 1446(d), Schnucks will provide written notice of the filing of this Notice to all parties and a copy of this Notice will be filed with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

WHEREFORE, Defendant Schnucks respectfully requests that the State Case be removed to the United States District Court for the Southern District of Illinois.

Dated this 20th day of January, 2015      GREENSFELDER, HEMKER & GALE, P.C.

/s/   *Russell K. Scott*
Russell K. Scott
12 Wolf Creek Drive
Suite 100
Belleville, Il 62226
Tel: 618.257.7308
Fax: 618.257.7353
rks@greensfelder.com

Paul G. Karlsgodt *(pro hac motion forthcoming)*
Casie D. Collignon *(pro hac motion forthcoming)*
Baker & Hostetler LLP
1801 California Street
Suite 4400
Denver, CO 80202
Tel: 303.861.0600
Fax: 303.861.7805
pkarlsgodt@bakerlaw.com
ccollignon@bakerlaw.com

*Attorney for Defendant Schnuck Markets, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2014, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **John J. Driscoll**
  john@thedriscollfirm.com,amanda@thedriscollfirm.com,yvette@thedriscollfirm.com,gregg@thedriscollfirm.com

/s/    *Russell K. Scott*
Russell K. Scott