IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLYDE ALLEN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 15–cv–0061–MJR–DGW |
| | ) |
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

This case stems from a cyber-attack on the credit and debit card systems at Defendant Schnuck Markets ("Schnucks"), a regional grocery chain headquartered in St. Louis, Missouri. The (over 200) Plaintiffs are Schnucks customers whose personal and financial information has been exposed due to the cyber-attack. The case, which was removed pursuant to the Class Action Fairness Act ("CAFA," 28 U.S.C. § 1332(d)), comes before the Court on two motions: Schnucks' Motion to Dismiss, and Schnucks' Motion to Transfer. For the reasons articulated below, both motions are DENIED.

### BACKGROUND

According to the Complaint, hackers gained access to Schnucks' credit / debit card processing systems in December 2012. The hackers managed to obtain personally identifying information ("PII") and confidential financial data ("CFD"). By mid-March

1

2013, Schnucks received reports from banks that customers who had used their plastic cards at Schnucks stores had incurred fraudulent charges; Schnucks own processing bank notified Schnucks that the hack had resulted in fraudulent charges to numerous customer cards. Schnucks continued to accept plastic cards, and did not warn its customers of the risks of unauthorized PII/CFD disclosure until March 30, 2013.

Plaintiffs blame Schnucks for the data breach and delayed response, and sued in state court on several theories of relief, including negligence, negligence *per se*, breach of implied contract, violation of merchandising statutes, and violation of Illinois' Personal Information Protection Act, 815 ILCS 530/1. As pertinent here, the Complaint contains one identical descriptive paragraph (except for differing names and states of residence) for each Plaintiff, for example:

> Plaintiff Clyde Allen is a resident of Illinois. Plaintiff swiped his plastic card at one of defendant's grocery stores between December 9, 2012, and March 30, 2013. As a result, plaintiff's PII/CFD was disclosed to third parties and plaintiff suffered losses and damages as described herein.

(Doc. 2-1, 9). Those losses and damages are described in Paragraph 233 of the Complaint, which outlines the harms suffered by Plaintiffs:

> As a direct and proximate result of defendant's acts and omissions as described herein, plaintiffs have suffered and will continue to suffer substantial and ascertainable injuries and damages including, *inter alia*, financial losses caused by fraudulent charges to their compromised debit and credit cards; credit and debit card issuing bank charges and fees; embarrassment and reputational damage resulting from declined plastic card transactions; damage to their personal credit; opportunity cost and other damages resulting from their inability to access funds due to cancelled or declined plastic cards; money and the value of time lost

> mitigating their increased risk of identity theft and fraud, replacing compromised cards, and reconfiguring automatic payment programs associated with replaced cards; invasion of their privacy; diminished value of their PII/CFD; increased risk of suffering such damages for the foreseeable future; and the mental and emotional anguish associated with all of the foregoing.

(Doc. 2-1, 51).

Schnucks removed the case in early 2015, and moved to both dismiss and transfer the case. Dismissal is warranted, Schnucks says, because the Complaint lacks the specificity necessary to satisfy the requirements of the Federal Rules of Civil Procedure. Schnucks further argues that transfer to the Eastern District of Missouri (just across the Mississippi River from this courthouse—approximately three miles away) is warranted for the convenience of the parties and witnesses and in the interest of justice. Both motions have drawn a response, and are ripe for ruling.

## MOTION TO DISMISS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2).** Schnucks challenges the sufficiency of Plaintiffs' complaint via Federal Rule of Civil Procedure 12(b)6), which governs motions to dismiss for failure to state a claim. It is undisputed that each of Plaintiffs' theories requires pleading and ultimately proving actual injury and/or damages. Schnucks' motion broadly challenges whether the Complaint, in which over 200 Plaintiffs adopt one paragraph describing the economic consequences of Schnucks alleged behavior, properly pleads the injury / damages prong for each of its theories.

3

In 2007 and 2009, respectively, the United States Supreme Court handed down two decisions delineating the district court's proper role on a Rule 12(b)(6) motion: *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009). In deciding a 12(b)(6) motion, a court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." **Khorrami v. Rolince, 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  Accord Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013).** A complaint need not contain detailed factual allegations, **Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 782 (7th Cir. 2013),** but it must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level," **G&S Holdings, LLC v. Cont'l Cas. Co., 697 F.3d 534, 537–38 (7th Cir. 2012).**

The Seventh Circuit has explained that *Iqbal* "clarified two working principles underlying *Twombly*:

> First, although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.  Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  Second, the plausibility standard calls for a "context-specific" inquiry that requires the court "to draw on its judicial experience and common sense."

**McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012).** Courts must still, of course, construe "the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in

4

plaintiff's favor. *Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill.*, **779 F.3d 706, 711 (7th Cir. 2015).**

Here, Plaintiffs' complaint makes it over the plausibility threshold. Despite Schnucks' exhortation that Plaintiffs have not properly alleged damages, the pleadings contain more than an unsupported, conclusory allegations to that effect. Each Plaintiff adopts Paragraph 233 of the Complaint, which states in pertinent part that Plaintiffs have suffered and will continue to suffer financial losses caused by fraudulent charges to their compromised cards and bank fees associated with the data breach (Doc. 2-1, 51). While there is some authority for dismissing a case where only future damages are alleged, *see Pisciotta v. Old National Bancorp*, **499 F.3d 629, 639–40 (7th Cir. 2007)**, or where a plaintiff does not offer supporting allegations to bolster a claim asserting reputational harm, emotional harm, and humiliation, *see Lewis v. Weiss*, **631 F.Supp.2d 1063, 1066 (N.D. Ill. 2009)**, those cases are distinguishable. In addition to any non-economic harm, here Plaintiffs clearlyg allege they have already suffered economic harm due to the Schnucks data breach. It far from "impossible to discern," as Schnucks argues, that each Plaintiff has alleged—above the speculative level—compensable damages via Paragraph 233 of the Complaint. As it pertains to the instant motion, which targets only the sufficiency of the Complaint vis-à-vis the damages prong of each claim, that is all the Federal Rules require.

5

Should discovery not generate sufficient evidence to support Plaintiffs' case, Schnucks may move for summary judgment at a later date. But Rule 12(b)(6) addresses only the content of complaints, not the sufficiency of the evidence. *Carlson v. CSX Transp., Inc.*, **758 F.3d 819, 827 (7th Cir. 2014).** As a sister district concluded in a similar data-breach case, at the motion to dismiss stage the retail chain Defendant is not entitled to "a more detailed explanation of what damages were caused by the delayed breach notification," only to a "short and plain statement" that plausibly alleges Plaintiffs suffered damage. *In re Target Corp. Data Sec. Breach Litigation*, **66 F.Supp.3d 1154, 1171 (D. Minn. 2014).** Schnucks' Motion to Dismiss (**Doc. 19**) is **DENIED**.

## MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), Schnucks asks that the case be transferred to its "home" district, the Eastern District of Missouri.

Congress enacted the change-of-venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper (though not necessarily convenient) venue to a more convenient venue. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, **626 F.3d 973, 977 (7th Cir. 2010).** "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." **28 U.S.C. § 1404(a).**

Because "what is convenient for one litigant may not be convenient for the other," motions under § 1404(a) should be adjudicated on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, **487 U.S. 22, 29 (1988).** A district judge's discretion under § 1404(a) is considerable, *see Research Automation, Inc.*, **626 F.3d at 977–78**, and is undertaken by looking beyond a narrow or rigid set of factors, *id.* **at 978.** Considerations in evaluating convenience include the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events and the relative ease of access to proof. *Id.* When the inconvenience of alternative venues is comparable there is no basis for a venue change: "the tie is awarded to the plaintiff." *In re: Nat'l Presto Indus., Inc.*, **347 F.3d 662, 665 (7th Cir. 2003).** The plaintiff's choice of forum should rarely be disturbed "unless the balance" in the convenience analysis "is strongly in favor of the defendant." *Id.* **at 664.**[1]

Schnucks raises several points in support of a transfer, but none of them establish that the Eastern District of Missouri—the courthouse there is easily visible from the undersigned's office—is anything more than marginally more convenient for them than proceeding in this District. Access to resources and sources of proof is effectively the

---

[1] The "interest of justice" is a separate element related to the efficient administration of the court system that need not be analyzed here. *Research Automation*, **626 F.3d at 978.** Because the balance of convenience is (at best) a close call, "merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.* Even if the undersigned were inclined to examine the interest of justice element, the recent dismissal of all Schnucks data-breach actions in E.D. Missouri negates any potential efficiency gains. *See In re: Schnuck Markets, Inc. Consumer Data Security Breach Litigation*, **No. 13-md-2470-JAR (E.D. Mo., June 19, 2015) (Dkt. No. 51) (dismissing three related cases);** *Castellano et al. v. Schnuck Markets, Inc.*, **No. 13-cv-1201-JAR (E.D. Mo., June 19, 2015) (Dkt. No. 12) (dismissing case).**

same in each forum.[2] In that respect, Schnucks' argument is somewhat misplaced. Certainly Schnucks does not mean to suggest that factfinding needs to happen at each store—admittedly more in Missouri than in other states—since the hack that exposed customer data targeted centralized records.

That leaves only the geographical proximity of the E.D. Missouri courthouse (in downtown St. Louis) to Missouri resident witnesses heading to court. Crossing the Mississippi River and coming to this courthouse would take approximately four minutes longer for that hypothetical witness, who will perhaps make the time up by parking instead in East St. Louis, where parking spots are not at a premium. The convenience of the two alternative venues is comparable.

A tie, as Judge Posner has said, goes to Plaintiff. *In re: Nat'l Presto*, **347 F.3d at 665.** Schnucks' Motion to Transfer (**Doc. 5**) is **DENIED**.

## CONCLUSION

For the reasons explained above, Schnucks' Motion to Dismiss (**Doc. 19**) and Schnucks' Motion to Transfer (**Doc. 5**) are respectively **DENIED.**

**IT IS SO ORDERED.**
**DATE: August 27, 2015**                                       *s/ Michael J. Reagan*
                                                                                    **MICHAEL J. REAGAN**
                                                                                    Chief Judge
                                                                                    UNITED STATES DISTRICT COURT

---

[2] *See In re: Hudson*, **710 F.3d 716, 719 (7th Cir. 2013)**: "In our age of advanced electronic communication, including high-quality videoconferencing, change of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."