IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLYDE ALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-0061-MJR-DGW |
| | ) | |
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On December 9, 2014, Clyde Allen and 204 other plaintiffs filed a civil mass action complaint against Schnuck Markets, Inc., in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Allen and his co-plaintiffs alleged that criminals hacked into Schnucks' electronic payment systems and stole information about them, including credit and debit card information, and that Schnucks didn't adequately protect that information. On January 20, 2015, Schnucks removed the case to this Court on Class Action Fairness Act grounds. After removal, Schnucks moved to dismiss the case or to transfer the case to the United States District Court for the Eastern District of Missouri, but the Court denied both of those motions.

On October 5, 2015, the parties advised the Court that settlement was imminent as to some of the named plaintiffs. Around two weeks later, 199 of the 205 plaintiffs stipulated to dismissal of their claims with prejudice. That left six plaintiffs remaining: Belinda Wilson, Carole Bellman, Dan Deters, Lydia Douglas, Ezell James, and Verne

1

Vollrath. Counsel had already moved to withdraw as to Wilson and moved to withdraw as to Bellman, Deters, Douglas, James, and Vollrath on the day that the stipulation was entered. The motions said that plaintiff's counsel had provided notice of the motions to withdrawal by sending letters via first class and certified mail, and those notices further told each plaintiff that he or she would need to retain other counsel or appear pro se before the Court. Magistrate Judge Wilkerson granted those motions to withdraw and further advised each of the non-settling plaintiffs that he or she needed to appear via new counsel or inform the Court of his or her intention to proceed pro se in writing by a specified date—for Wilson by September 18, 2015, and for the rest by November 20, 2015. After those dates went by without a peep from the non-settling plaintiffs, Schnucks moved to dismiss as to the non-settling plaintiffs, claiming that each failed to prosecute his or her case and comply with the Court's directives. Those motions are now before the Court for review.

Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action if a plaintiff fails to prosecute his case, disobeys an order of the court, or defies the court's rules. Dismissals for failure to prosecute are proper when there is a record of delay or contumacious conduct by a litigant, and they are permissible even when the litigant is proceeding pro se, as is now the case here. *E.g., Spreck v. United States Veterans Admin.*, **67 F. App'x 963, 965 (7th Cir. 2003);** *Malone v. Foster Wheeler Constr., Inc.*, **21 F. App'x 470 (7th Cir. 2001).** Prior to such a dismissal, though, it is helpful for a litigant to be warned, by the parties or the Court, that dismissal could occur if he

continues to flout the court's orders.  *E.g.*, *In re Nora*, 417 F. App'x 573, 576 (7th Cir. 2011); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

The non-settling defendants have all been warned, either by the Court or Schnucks, that they needed to take action to proceed with this case.  Judge Wilkerson directed both Wilson and the other non-settling defendants to obtain counsel or state an intention to proceed pro se by a certain date, and told Wilson that if she didn't file a notice with the Court laying out her plan to proceed that her case would be dismissed.  All of the non-settling defendants have failed to comply with Judge Wilkerson's order.  Once more, after counsel's withdrawal filings were sent to the non-settling defendants, Schnucks moved to dismiss for failure to prosecute and sent those motions to the non-settling defendants.  None of the defendants have responded, filed anything in this case, or made any effort to contact the Court otherwise.  Schnucks' motions warned all of the non-settling defendants that the specter of dismissal loomed large, and none of them have done anything with the case despite Schnucks' motions to dismiss and Judge Wilkerson's orders.  Because the non-settling defendants have failed to abide by the Court's orders and move forward with this case, the Court **GRANTS** Schnucks' motions to dismiss (Docs. 41 & 51) and **DISMISSES** the claims of Wilson, Bellman, Deters, Douglas, James, and Vollrath **with prejudice**.  That order disposes of all of the remaining claims in this case, so the **CLERK** is **DIRECTED** to enter judgment.

**IT IS SO ORDERED.**

**DATED: April 12, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**